**GARCIA v. HAYNES et al.**

No. 3007.

Court of Civil Appeals of Texas. Beaumont.

Dec. 1, 1936.

Rehearing Denied Dec. 16, 1936.

Gibson & Blackshear, of Laredo, for appellant.

J. D. Dodson, of San Antonio, and Raymond, Algee & Alvarado, of Laredo, for appellees.

COMBS, Justice.

This appeal was to the San Antonio Court of Civil Appeals and is before us on transfer by the Supreme Court. The appeal is by Manuel Villarreal Garcia, one of two defendants, from an order of the district court of Webb county, Tex., overruling his plea of privilege to be sued in Zapata county, the county of his residence. The other defendant was the Laredo National Bank, which was domiciled in Webb county, where the suit was filed.

The plaintiffs, appellees here, seek to maintain venue over the appellant in Webb county under subdivisions 4 and 29a of article 1995, Vernon's Ann.Civil Statutes, as a suit lawfully maintainable in Webb county against the appellant's codefendant, Laredo National Bank. The case turns on the proposition of whether or not the appellees established prima facie a cause of action against the bank.

Appellees Mrs. Alice Doran Haynes and the Security-First National Bank of Los Angeles, Cal., are trustees of an estate created by the deceased husband of Mrs. Haynes. The estate owns a ranch of approximately 18,000 acres in Zapata county. In December, 1929, they leased it to appellant Garcia under a written lease for a period of one year with an option to extend the lease for two additional years. Garcia went into possession and placed a large number of cattle on the ranch. The cattle were under mortgage to the defendant Laredo National Bank at the time they were placed on the land and have at all times been subject to said mortgage, which was duly registered. The appellant defaulted in the rental payments during the year 1931 and has not paid any rent since that time. This suit was brought against Garcia and the bank jointly for unpaid rentals in the amount of $5,000 a year, from and after December 15, 1932, and for damages to the lands, windmills, fences, etc., in the sum of $5,000.

In attempting to show liability against the Laredo National Bank, appellant's codefendant, appellees, offered testimony on the trial of the plea of privilege to the effect that appellant's cattle were at all times of less value than the debt owed by him to the bank for which the cattle were security. Also, that appellant's other properties were under mortgage for more than they were worth. They contended that the cattle were tick infested, and because of a law which became effective in Zapata county in 1933 the cattle could not be removed from the ranch without being dipped, and that Garcia refused to dip them; that he continued to pasture his cattle on their land without paying the rents; that the bank advanced to him money from time to time to feed and maintain his cattle; that the bank advanced said money for the express purpose of securing the pasturage which was essential to the preservation of its security; and that the cattle could not have been maintained upon the appellees' land without such

aid from the bank, and it is therefore contended that the bank became obligated to pay the rentals on the land because it received the benefits of the pasturage in the preservation of its security. Appellees do not contend that the bank agreed to pay the rentals. They do contend that after they learned that the bank had a mortgage on the cattle that Mrs. Haynes, "one of the appellees, called upon the president of the bank in an effort to reach some understanding and notified him that by reason of the said facts if the use of the land should be continued appellees would expect the bank to pay the rent; that the president stated the bank was only a mortgagee." It reasonably appears from the evidence that the bank not only did not agree to pay the rentals on the land, but, in effect, declined to be bound for said rentals during the only conversation that any of the appellees had with an officer of the bank. The gist of the appellees' contention seems to be that under the facts which we have detailed the law implies a promise on the part of the bank to pay the reasonable rental value of the land because its security was benefitted by the pasturage. The trial court apparently took that view and entered an order overruling the plea of privilege.

### Opinion.

A large part of the appellees' brief is taken up with various objections to the consideration of the appellant's brief. It is contended that the appellant's assignments are insufficient and that various rules of briefing have been disregarded by the appellant. We have given careful consideration to the objections and find them without merit. The assignments are sufficient, and the brief substantially complies with the present rules governing briefing. No good purpose would be served by discussing here the various objections.

It is our conclusion that appellees failed to show any cause of action against the Laredo National Bank. We know of no theory recognized by Texas courts whereby a mortgagee of livestock becomes personally liable to pay for pasturage of stock upon which he has a mortgage and of which he does not have possession or control, in the absence of an agreement, express or implied, to pay it. On the contrary, it was held by the San Antonio Court of Civil Appeals in Masterson v. Pelz, 86 S.W. 56, that a statutory lien of a livery stable keeper for the board of horses was inferior to a prior registered chattel mortgage. And in Day Ranch Co. v. Hubert & Woodward, 32 S.W.(2d) 252 (writ refused), it was held by the Austin Court of Civil Appeals that mortgagees of cattle were not liable for the payment of notes which had been given for pasturage rentals of the land where the cattle were maintained in the absence of a valid contract to pay them. Clearly, the facts of the instant case disclose no liability whatever of the Laredo National Bank for payment of the rental debt or damages. Such being the case, the trial court erred in not sustaining appellant's plea of privilege.

It is therefore ordered that this cause be remanded, with instructions to the trial court to transfer it to the district court of Zapata county, in accordance with appellant's plea of privilege.